# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| United States of America | **ORDER OF DETENTION** |
|---|---|
| v. | |
| Jeffrey King | Case Number: CR-24-01040-02-PHX-ROS |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court has considered all the factors set forth in 18 U.S.C. § 3142(g). The Court finds that the following facts are established:

☐ by clear and convincing evidence the defendant is a danger to the community and detention of the defendant is required pending further proceedings in this case.

☒ by a preponderance of the evidence the defendant is a flight risk and detention of the defendant is required pending further proceedings in this case.

## PART I -- FINDINGS OF FACT

☐ (1) There is probable cause to believe that the defendant has committed:
 ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq., or 46 U.S.C. App. § 1901 et seq.

 ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

 ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

 ☐ an offense involving a minor victim as set forth in 18 U.S.C. § 3142(e)(3)(E), specifically in 18 U.S.C. § _____.[1]

 ☐ an offense for which a maximum term of imprisonment of 20 years or more is prescribed pursuant to 18 U.S.C. §§ 1581-1584, 1589-1591 (Slavery and Sex Trafficking).

☐ (2) The defendant has not rebutted the presumption established by Finding No. (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community or any person.

☐ (3) There is clear and convincing evidence that the defendant has been convicted of:
- a crime listed in 18 U.S.C. § 3142(f)(1); and
- the offense was committed while the defendant was on release pending trial for a Federal, State or local offense; and
- a period of not more than five (5) years has elapsed since the date of conviction, or the release of defendant from imprisonment for the offense listed in 18 U.S.C. § 3142(f)(1).

---

[1] Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), §2244(a)(1) (abusive sexual contact), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

☐ (4) The defendant has not rebutted the presumption established by Finding No. (3) that no condition or combination of conditions will reasonably assure the safety of the community and any other person.

### Alternative Findings

☒ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION

☐ (1) The Court finds that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:

☒ (2) The Court finds by a preponderance of the evidence as to risk of flight that:
  ☐ The defendant has no significant contacts in the District of Arizona.
  ☐ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.
  ☐ The defendant has a prior criminal history.
  ☐ There is a record of prior failure to appear in court as ordered.
  ☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.
  ☐ The defendant has a history of substance abuse.
  ☐ The defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____.
  ☐ The defendant has ties to a foreign country.
  ☐ The defendant has used aliases or multiple dates of birth or false identifying information.
  ☐ The defendant was on probation, parole, or supervised release at the time of the alleged offense.
  ☒ Other: Per the Government's proffer, Defendant has been indicted in a significant and sophisticated medical fraud conspiracy and he has access to millions of dollars in liquidity that the Government has not seized. He has more than sufficient means to flee the Court's jurisdiction and is a serious risk to do so. He was apprehended while boarding a flight to London with his co-defendant/wife. In their carryon luggage was a primer on criminal law and procedure, subtitled "Know Your Rights, Survive the System." In their home was a book entitled "How to Disappear" and

subtitled "Erase your digital footprint, leave false trails and vanish without a trace." Defendant urged that he is permitted to read what he wishes, and he also averred the latter book concerns averting stalkers and reducing one's digital footprint. Neither book is dispositive, but they are noted. Also found in Defendant's home office was a paper in unknown handwriting with a monetary breakdown of purported cost to purchase dual citizenship in Malta, which would allow Defendant (and/or his co-defendant) to travel freely in Europe, as well as "banking vis-à-vis Cooke (sic) Islands to Swiss banks." (Gov't Exh. 3.)

The parties disagreed as to whether the fact that Defendant has access to a private aircraft, which has a range of approximately 250 miles, should carry any weight. The Court recognizes that Defendant does not own the aircraft, but the owner is a former employee of Defendant's and his wife's who is a close friend with both of them. The owner of the aircraft is not a pilot. While Defendant's access to the aircraft is not dispositive, it is notable that the aircraft is capable of transporting Defendant across the border to Mexico without having to go through security at departure.

Defendant lacked candor with the Pretrial Services Division when his Pretrial Services Report was authored. At the detention hearing, Defendant minimized his lack of recall regarding his assets when he was questioned by Pretrial Services. The minimization, however, is belied by the detailed accounting of assets that was located in Defendant's home office (admitted as Gov't Exh. 2). Government's Exhibit 2 shows a detailed spreadsheet of Defendant's many assets, including nearly over a dozen bank and investment accounts; cryptocurrency; certificates of deposit; annuity through life insurance; commercial and residential real property holdings; jewelry; luxury vehicles (including a Ferrari that was carefully labeled as Defendant's separate, as opposed to community, property); and investments. This level of detail belies Defendant's assertion that his gross underestimate of his significant and varied assets when questioned by Pretrial Services was inadvertent. Defendant's lack of candor with an arm of this Court is concerning to the Court, particularly because the lack of candor involves Defendant's assets that could be used to flee the jurisdiction.

☐ (3) The defendant does not dispute the information contained in the Pretrial Services Report, except:

☒ (4) The weight of the evidence against the defendant is great. The Court emphasizes this is the least weighty of the factors it has considered.

☒ (5) In addition: Defendant enjoys a presumption of innocence, but the Court acknowledges Defendant faces a significant penalty (a statutory maximum penalty of 75 years' incarceration) if found guilty, thus providing a strong incentive to flee. *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) (noting defendants who faced lengthy, possible maximum sentences when run consecutively were provided a greater incentive to consider flight).
The Court acknowledges Defendant is a military veteran who is employed and has strong ties to the community. (*See* Defendant's Exhibits 1-3 (photos of Defendant and his children).) However, after carefully considering all the factors under 18 U.S.C. § 3142(g), the Court finds the Government has shown by a preponderance of the evidence that Defendant poses a serious risk that Defendant will flee, and no combination of conditions will reasonably assure Defendant's appearance at future proceedings.

☐ (6) The defendant has submitted the issue of detention to the Court based upon the Pretrial Services Report.

The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge. Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the District Court. Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 9th day of July, 2024.

Honorable Alison S. Bachus
United States Magistrate Judge