**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | No. **2:24-cr-01040-ROS-2** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | July 2, 2024 |
| **Jeffrey King,** | ) | 1:32 p.m. |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE:  THE HONORABLE DEBORAH M. FINE, MAGISTRATE JUDGE**

**TRANSCRIPT OF PROCEEDINGS**

**DETENTION HEARING**

Transcriptionist:
Jennifer A. Pancratz
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 42
Phoenix, Arizona 85003-2151
(602) 322-7198

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

**A P P E A R A N C E S**

For the Plaintiff:

    U.S. DEPARTMENT OF JUSTICE - CRIMINAL DIVISION
    PUBLIC INTEGRITY DIVISION
    By:  **Shane R. Butland, Esq.**
    1400 New York Ave. NW, 12th Floor
    Washington, DC 20005

    U.S. ATTORNEY'S OFFICE
    By:  **Matthew Williams, Esq.**
    40 N. Central Ave., Suite 1800
    Phoenix, AZ 85004

For the Defendant:

    KURT M. ALTMAN PLC
    By:  **Kurt M. Altman, Esq.**
         **Ashley Fitzwilliams, Esq.**
    12621 N. Tatum Blvd., #102
    Scottsdale, AZ 85032

**P R O C E E D I N G S**

(Proceedings commenced at 1:32 p.m.)

THE COURTROOM CLERK:  Case No. CR-24-1040-2, United States of America versus Jeffrey King, before the Court for a detention hearing.

MR. BUTLAND:  Good afternoon, Your Honor.  Shane Butland for the Department of Justice Fraud Section, on behalf of the United States.  Also at counsel's table is AUSA Matt Williams.

THE COURT:  Good afternoon to you both.

MR. ALTMAN:  And good afternoon, Judge.  Kurt Altman and Ashley Fitzwilliams on behalf of Mr. King, who is present at counsel table, in custody.

THE COURT:  And good afternoon to you all.

This is the time set for the detention hearing. Mr. Altman was here this morning for the codefendant's detention hearing.

And let me ask you, Mr. Altman, is your co-counsel there -- has an appearance been entered?

MR. ALTMAN:  It should have, Judge.  She hasn't been on the service list for some reason, but my notice of appearance has us both on it.  And I actually just talked to your staff about helping me out with the emails, but --

THE COURT:  Okay.  Thank you.

MR. ALTMAN:  Thanks.

THE COURT:  Thank you.  I want to make sure that we're able to get that fixed.  Because I noticed that, too, that you were the only counsel of record listed.

And so -- so I'm not sure if your co-counsel was here this morning or not.  During the codefendant's setting of the detention hearing, I entered orders that included striking the sealed supplement by the prosecution filter team at Doc 23.  I ordered that that document, including its attachments, be provided to codefendant's counsel, who stipulated along with the prosecution that the Doc 23 and its attachments would be provided to this defendant's counsel, to Mr. Altman and co-counsel.

I ordered that the residential search warrant and return be produced, including a redacted version of the affidavit that counsel for the defense are ordered to keep confidential and only to use for detention hearing proceedings.

And so, Mr. Altman, I reset, as you know, the detention hearing for the codefendant to Monday, July 8th, before me at 1:30 p.m.  What is your desire regarding your client's detention hearing?

MR. ALTMAN:  Judge, we would like to reset that as well.  And I don't know if this -- I was here, as was Ms. Fitzwilliams this morning, and I assume those orders from this morning will apply here as well.  We're going to need to take a look at those documents as well.

We would like it set on Monday before this Court if that's possible.  If not, first thing Tuesday morning.  I think you said Judge Bachus would be available sometime then.  But whenever this Court can reset that, we would like that.

Mr. King obviously has been in custody and wants to move this along as fast as possible.  Obviously he wants me to acknowledge all the people that always come for him.  I think they'll be back again Monday, but we'd like to do it as quickly as possible, with obviously being prepared as much as possible.

THE COURT:  And thank you all for coming.

And it's understandable that you want to get this done as soon as possible but that, also, there's more preparation to be had.  There's good cause to continue this to next week. Those orders apply to this matter as well that I've reviewed from this morning.

And I gave the codefendant's counsel the option, which I'll also give to you, Mr. Altman.  You know I've looked at -- I've read the now-struck sealed supplement at Doc 23, and I've looked at the attachments as well.

And there's some, I guess, review and communication that needs to happen between counsel regarding those documents. But if you -- and I'm -- if they're not admitted into evidence, I'm happy to and believe that I truly can set them aside to enter fair orders regarding the detention issue.  But if you would prefer to have it in front of Judge Bachus, we'll look

for a Tuesday morning.  I leave that to counsel.  I will not be insulted.

But I have available 2:30 to 3:30 on Monday, or we could look for Tuesday morning, whichever you prefer, Mr. Altman.  And, again, there's absolutely -- I take no offense if you'd rather have Judge Bachus, because she'd not looked at stricken Doc 23, decide this.

MR. ALTMAN:  Judge, I appreciate that, and I have no doubt that you can set that aside if necessary.  I think we were looking for Monday at 2:30, but if I could have one second just to confirm that with Mr. King.

THE COURT:  Yes.  Thank you.

(Brief pause in proceedings.)

THE COURT:  Mr. Altman.

MR. ALTMAN:  Thank you, Judge.

We believe 2:30 on Monday would be fine.  The one issue, Judge, Mr. King does have some disabilities, and being in shackles all day long and not -- and being transported that early has -- he has some difficulty, and he has difficulty focusing after that.

So I don't know, Judge, if we could get a different transport for him on Monday, and that's probably a question I need to ask the marshals, to do it at 2:30.  Otherwise, maybe the morning of Tuesday would be better.  He just wouldn't be shackled as long.

I mean, I'm very comfortable and would like to get it done as well. I just don't know how the transport works, and he's having difficulty even as we sit here today. He's been here all day, so...

THE COURT: Thank you. Yeah, I know it's a -- it's a hard situation. I'm not sure what the marshals are doing these days with transport.

Can someone in -- go to a microphone and inform how this works so I can -- if there's an opportunity to order him to be transported here and back, to --

THE MARSHAL: Your Honor, they'd have to go through our detention management unit. The likelihood of that is probably very slim. However, I can't speak directly on that. So, yeah, I'd refer that to probably management or detention management unit specifically.

I believe you do have the email address for that; correct, sir?

MR. ALTMAN: I'm not sure. I probably do.

THE MARSHAL: Okay.

MR. ALTMAN: If it's through -- if it's through your office, we can -- we can find it.

THE COURT: Is there a -- is there a bus back for people who have morning hearings?

THE MARSHAL: Yes, Your Honor. It will go back at 11:30 in the morning if he has a morning court. However, if --

there's no second transport that comes up to bring up a later hearing.

THE COURT:  Thank you.  That's very helpful.

THE MARSHAL:  Thank you, Your Honor.

THE COURT:  So for the transport issue, doing it on Tuesday morning --

(The Court and the courtroom clerk confer.)

THE COURT:  How is in front of Judge Bachus at 9:00 a.m. on Tuesday morning?

MR. ALTMAN:  Judge, that will work, and from what I heard is he'd be able to go back on the 11:30 transport if we were completed with that, and I imagine we would be.

THE COURT:  You should be completed.  On other judges' duty calendar, indeed on my duty calendar, we set for half-hour detention hearings.  I set that for a longer detention hearing on Monday because of the issues regarding the filter team and it pertaining to the codefendant, really.

And so I can set this for a half hour on Tuesday, July 9th, at 9:00 a.m. in front of Judge Bachus, in Courtroom 302.

Does that work for the government?

MR. BUTLAND:  It does, Your Honor.

THE COURT:  Okay.  Thank you.

And, Mr. Altman, that works for you?

MR. ALTMAN:  Yes, Judge.  Thank you.

THE COURT:  Okay.  Thank you.

So I find good cause and -- I've entered the orders that I previously stated.  I find good cause for the continuance of the detention hearing to Tuesday, July 9th, at 11:30 a.m. before -- I'm sorry, at 9:00 a.m.  I'm sorry, at 9:00 a.m., in front of Judge Bachus in Courtroom 302 of this building.

And as I noted earlier, I spent so much time yesterday evening and this morning on the filter team issue and trying to work that out, I hadn't sufficiently reviewed the detention motion and response, Mr. Altman, that you filed.  But I would have needed to have taken it under advisement anyway today, so I'll just leave that to Judge Bachus.

Is there anything further we need to do today from the government's end?

MR. BUTLAND:  Not from the government.  Thank you.

THE COURT:  Thank you.  The defendant will remain temporarily detained.

Anything further from the defense?

MR. ALTMAN:  Yes, Judge.  Just -- the documents -- I know that you struck from the record, but document -- Docket No. 23, I think Mr. Lowther has it and could provide it to us.  Or he might have the document as it relates to -- how am I going to get it, is all I'm asking, because I don't think Mr. Butland has it as well based on what he said earlier.

THE COURT: He doesn't have it.

And so it could either come from -- you could have the filter team send it to Mr. Altman, which would be the government's confirmation. I thought that, frankly, defense counsel this morning was just going to forward an email to you but --

MR. ALTMAN: Well, Judge, he can. He just didn't want to do it until we had that sorted out here is all.

THE COURT: What's the government's position on that?

MR. BUTLAND: Given that Ms. Gehrke is believed to be the privilege holder, you know, we didn't object to Mr. Lowther sharing it with counsel.

So I think, you know, we prefer it come from him; but if that is a problem, I can follow up with Mr. Lowther and make sure that it gets to defense counsel one way or another.

THE COURT: I prefer to have it come from Mr. Lowther. He stated on the record, and you were here and heard it, that they waived the privilege as to sending it to you, Mr. Altman. And so if that becomes a problem, then -- then the -- then that's something that needs to be taken up. If he changes his mind about that, that's something that needs to be taken up either by me on Monday or Judge Bachus on Tuesday morning, but more likely me on Monday.

So if there's a problem with that, I'm on duty this week, which means -- we're open tomorrow as well. I would like

to get communications from counsel that there's a problem with that before end of day tomorrow, so if you could reach out to Mr. Lowther before then.  Court's only open Friday morning for any possible initial appearances, but it's otherwise a closed courthouse, so I'd prefer to deal with it before Monday afternoon.

MR. ALTMAN:  Judge, I think that will be fine.  I don't think it will be a problem.  We just wanted to be clear of how it was going to be conveyed to us, is all.  If there's an issue we'll let the Court know, but I don't believe there will be.

THE COURT:  And so Mr. Lowther's waived the privilege on behalf of his client, so based on that, he's directed to provide it to you promptly.  If there is a change of mind about waiver of the privilege then -- then, Mr. Altman, let me know as soon as possible.

MR. ALTMAN:  Will do, Your Honor.  Thank you.

THE COURT:  Thank you.

Anything further, Mr. Altman?

MR. ALTMAN:  No, Your Honor.

THE COURT:  Thank you, everyone.  We're adjourned on this proceeding.

(Proceedings concluded at 1:47 p.m.)

C E R T I F I C A T E

I, JENNIFER A. PANCRATZ, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

DATED at Phoenix, Arizona, this 25th day of July, 2024.


                              s/Jennifer A. Pancratz
                              Jennifer A. Pancratz

UNITED STATES DISTRICT COURT