## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. **2:24-cr-01040-ROS** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | July 2, 2024 |
| **Alexandra Gehrke**, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE:  THE HONORABLE DEBORAH M. FINE, MAGISTRATE JUDGE**

## TRANSCRIPT OF PROCEEDINGS
### DETENTION HEARING

**APPEARANCES:**
For the Plaintiff:
    U.S. DEPARTMENT OF JUSTICE
    Public Integrity Division
    By:  **Mr. Shane R. Butland, Esq.**
    1400 New York Ave. NW, 12th Fl.
    Washington, D.C. 20005

U.S. ATTORNEY'S OFFICE
    By:  **Mr. Matthew Williams, Esq.**
    2 Renaissance Square
    40 N Central Ave., Ste. 1800
    Phoenix, AZ 85004

For the Defendant:
    LOWTHER WALKER, LLC
    By:  **Mr. Joshua S. Lowther, Esq.**
    101 Marietta St. NW, Ste. 3650
    Atlanta, GA 30303
Transcriptionist:
Christine M. Coaly
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 37
Phoenix, Arizona 85003-2151
(602) 322-7248
Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

**P R O C E E D I N G S**

COURTROOM DEPUTY:  Case number CR 24-1040-1, United States of America versus Alexandra Gehrke, before the Court for a detention hearing.

MR. BUTLAND:  Good morning, Your Honor.  Shane Butland with the Department of Justice's fraud section on behalf of the United States.

Also at counsel table is Assistant U.S. Attorney Matt Williams.

THE COURT:  Good morning to you both.

MR. LOWTHER:  Good morning, Your Honor.  Joshua Lowther for Ms. Gehrke.  She's present at counsel table with me.

THE COURT:  And good morning to you both.

This is the time for the detention hearing.  We have some procedural matters that we need to deal with.

First there was an addendum from Pretrial Services on July 1st, 2024, but it didn't get docketed until this morning. I saw it yesterday.

And so let me make sure, Mr. Lowther, did you receive it and review it with your client?

MR. LOWTHER:  I did, Your Honor.

THE COURT:  Thank you.

And, Mr. Butland, did you receive and review it?

MR. BUTLAND:  I did.  Thank you.

THE COURT:  Thank you.

I looked yesterday evening and this morning multiple times to see if there was any response to the government's motion for detention filed by the defense.  There need not be, but I want to make sure I'm not missing something.

MR. LOWTHER:  That's correct, Your Honor.  There is none filed.  I'll make that argument today, but you're not missing anything.

THE COURT:  Okay.  Thank you.

I have concerns, based on looking at the record, that perhaps defense counsel may be missing something that has been provided to the Court but not been provided to the prosecution. And so there was a sealed supplement to the United States' motion for detention.

Did you receive that?

MR. LOWTHER:  I did not, Your Honor.

THE COURT:  Thank you.  That's problematic.

The entire sealed supplement appears to me to be problematic.  It does not appear to comply with United States versus Zolin, which is 109 S. Ct. 2619, decided in 1989, nor does it appear to comply with United States -- I'm sorry, Ninth Circuit case law, for example, United States versus Christensen, 828 F.3d 763.

I have a lot of concerns about that.  I realize that counsel for the supplement are not counsel in the courtroom,

but, interestingly, has the same address as counsel representing the government today, Mr. Butland.

In many ways this was a very unusual filing. I have been licensed to practice for over 34 years and I have a lot of concerns. This is -- was, to me -- and perhaps it's ignorance. We see something new every day as lawyers and judges, it's one of the great things about the profession, and we learn. But I have real concerns that the defense has not had an opportunity to review those materials.

What is -- let me ask this as well. Has the -- Mr. Butland or Mr. Williams, has the search warrant for the residence and the return sheet for it, putting aside the affidavit for a moment, have those things been provided to the defense to this point?

MR. BUTLAND: They have not yet, Your Honor. We intend to provide those in discovery.

THE COURT: Before --

MR. BUTLAND: I'm sorry.

THE COURT: Before you -- I -- I cannot access that search warrant without a number, even on our court system and the search capabilities that I have. I suspect it is sealed. And so I would like -- before we adjourn today, I would like for the prosecution to write down that number, provide that sealed number to the defense, and provide that sealed number to me so I could look at the filter protocols that are in the

warrant.

And so given -- I'm sure your -- I'm -- I'm not sure defense counsel can be fully understanding of our procedural posture at this point.

But, Mr. Butland, what is it that you'd like to say regarding that at this point?

MR. BUTLAND:  First and foremost, Your Honor, I have not seen the sealed filing.  I have no idea what the contents are, nor have I seen, I think, the subject of that filing.

As Your Honor may know, the Department of Justice has a unit called the Special Matters Unit that is a filter unit. Their sole function is to filter potentially privileged material that agents and, you know, lawyers come across in the execution of search warrants or in other types of materials.

My understanding is that something recovered with, I think in the search warrant of the residence, revealed notes that may have been potentially privileged material.  The agent, it's my understanding, submitted that directly to the Special Matters Unit for its review.  That was not provided to the trial team.  As I say, I've not seen that document.

Based on the filter's review of that document, it's my understanding they filed this motion with the Court, believing that the court Could consider that for the purposes of detention.  But I do not believe that either party would be entitled to it, as it may be potentially privileged material

between the defendant and some other counsel that she may have had.

THE COURT:  Well, we'll talk about that some more, but it seems to me that this is not at all following the procedure of the cases that I have cited.  And the -- why -- I know there is some varied procedure from district and circuit to circuit, but without revealing the contents of the sealed filing, I am aware that the prosecution team who is sitting in the courtroom has not been provided this information, and that the filter team has notified the prosecution team that it's presenting those notes to the Court.

It seems to me that if you read the applicable law and follow the procedures, if something is attorney-client privileged, that is for, first, the defense to assert, and it belongs to the defense.  So if those are materials that are her attorney-client privileged materials, she should receive such to review with her attorney.

I've not been able to review the particular filter protocol for this warrant, nor do I know whether I'm the signator on that warrant.  Many search warrants in the federal system are well before the litigation begins.  But my understanding of filter protocol is the filter team then contacts defense counsel, sees if there is an assertion of the attorney-client privilege, and then under Ninth Circuit law before -- and United States Supreme Court law, but -- but I

would say there is really no guidance for that in the sealed filing, that then it's up to the defense to assert the privilege.  And before the Court is provided the documents that are at issue and may be pertinent to the detention hearing, then the parties -- the defense counsel and the filter team have communications and there is briefing regarding this.

Here that doesn't appear at all to be what occurred. And this -- these material -- the supplement was filed on the same day as the motion.  And based on what I know about what happened in front of Judge Willett, I am making what is a fair inference that Judge Willett did not know that those procedures had not been filed when she ordered the sealed supplement.

So let me hear from Mr. Lowther.

Am I saying it -- is it Lowther or --

MR. LOWTHER:  Lowther.

THE COURT:  Lowther.  Sorry.

Sir.

MR. LOWTHER:  So my response may be somewhat limited because I don't know what the sealed filing is.  I will say I've had several healthcare fraud cases with DOJ.  As you mentioned, what typically happens is the agent turns the potentially privileged information over to the filter team; the filter team, if it appears to be potentially privileged, sends it to us.  We either say, it's not privileged, or we waive privilege, or we're not going to turn this back over and we

submit a privilege log, which, at that time, the government can accept or not, and the Court makes a final determination.

That may be getting a little far ahead of what we're talking about today, but I can't think of a circumstance under which the government should submit a sealed document to the Court that the Court will consider for purposes of detention or release that I don't have.  I just can't imagine that scenario.

So I'm in the situation where we certainly don't want to delay the detention hearing any longer.  This is the third time it's been -- and I understand there is -- the defense asked for that continuance.  I get that.  But this is the third time we're here for detention hearing.

And, at the same time, I'm concerned if the Court has information that -- I mean, if the government submitted -- if the government submitted a sealed document to the Court for purposes of the hearing, I can only -- I can only infer that it's not helpful to us.  So I'm not sure at this point the best way to -- to address that.

The Court could provide the document to us, of course, or alternatively, the Court could just not consider it.  We could have the hearing today, the Court could just not consider it in its ruling.  But not knowing what it is, I'm not sure I have a better solution or recommendation.

THE COURT:  Thank you.  That's all very understandable.

And so, Mr. Butland.

MR. BUTLAND:  Your Honor, given that I don't know what's contained in that filing, the arguments I was going to make today obviously would not include anything that was in there.

I can speak with the filter unit, try to figure out why the assigned attorney submitted that to the Court and did not provide that to defense counsel.  They really want to create a wall between the prosecution team and any potentially privileged material, so I, unfortunately, don't know the specifics of that decision to provide the Court with today.

But for purposes of this hearing, if the Court would be willing to go forward and just not consider the filing, just consider the proffered evidence that I'll present today, I think that may allay any concerns that you have.

THE COURT:  Well, the filter team's role, as I understand it, is not to be a second arm of the prosecution, and it certainly is not to be a secret second arm of the prosecution.  And I think that, given where things are, the proper -- I -- I -- I think that the supplement and the notes need to be provided to Mr. Lowther.

I have questioned, given that it appears to be his client's privilege, of whether co-defendant's counsel also should receive it.  But here the supplement was presented as a second prosecution team, really, for both defendants.  So

Mr. Lowther, I think, needs to review that regardless.

And I think that the Court making a determination about whether these matters are attorney-client privilege is premature with the filings thus far. And so --

And -- and, again, I want to say I have every reason to infer that Judge Willett believed, when she issued the order that the supplement may be filed under seal, that it had already gone to defense counsel for both defendants. And so given this unusual situation --

And -- and I'll say also that the supplement attaches the documents at issue and describes them from the outset. Again, very unusual for a filter team filing.

So I've been doing extensive research trying to see if there was a similar situation at a detention hearing or other setting where a judge is making this decision. I can put this information aside. But I am not sure after reviewing it that the defense would have any claim of privilege.

I understand why it went to the filter team and why the agents did that. That's all very understandable from looking at it. It was being careful. But, unfortunately, I don't think the filter team was careful and followed -- even if the filter team didn't follow -- even if there weren't protocols in the search warrant, there are protocols under established precedent.

So the -- I understand wanting to go forward today,

but I think that it's a whole separate issue of whether the prosecution gets the -- the supplement and the notes, but whether the defense should, the -- Mr. Lowther should, even if I decide not to consider them and -- and proceed with the hearing today, I think that I need Mr. Lowther's input after review of it regarding whether co-defendant's counsel, Mr. Altman, should also be entitled to the supplemental.  It's really easier for the co-defendant, because I can simply strike it from my consideration and -- and move forward from there.

But -- so I would like to see the search warrant and see what the filter protocols were in the search warrant, have that -- it's going to be produced in discovery anyway to the defense.  I think it's pertinent to the supplement of the filter team, and certainly some arguments I anticipate that -- that I read in the co-defendant's memo.  So I think having the search warrant -- I don't think they should have -- have to do this detention hearing, one, in secret.  We're not going to have secret evidence.

And, two, I'm not going to do this detention hearing with their hands tied behind their back.  And that's just how this has been teed up to me this morning with -- I'm not assigning blame to every -- to anyone.  And this is, I understand, inconvenient, but it's important that this be done right so that I can make a fair and just ruling on the proper evidence that I should be considering, whether that includes

any of the notes that are in the supplement.

And, of course, if that were to be the case, then -- then I think they would have to be produced -- there would have to be a determination that there was no privilege, the privilege wasn't being asserted, or the privilege was waived for -- under various possible theories, one being the crime fraud exception.

But -- but going forward and -- I -- I think counsel need to have a conversation.  I think, Mr. Lowther, you need to have a conversation with your client.  I don't think it's as simple as my striking it, not considering it today, without you knowing what I've read and I'm not considering.

I'm confident that I can put that information aside if that is the appropriate thing to do after this all plays out.  That's what judges do.  We have essentially -- especially magistrate judges.  We are -- we do bench trials.  That's what we mainly do.  So I have no trouble putting the information aside, but Mr. Lowther needs to have that information.

He may feel differently about my having read it.  And -- and I'm assuming that Judge Willett looked at it before she signed the order of whether this goes to a different magistrate.  I mean, people may be concerned about that, of whether this should go to a different magistrate judge who hasn't seen it.  I have confidence that I can put it aside, but I don't know that anyone else wants to raise that issue.

So, Mr. Lowther, you are from across the country, and I know your client's in custody.  And -- and so I have an 11:00 o'clock matter.  I have an 11:30 matter.  They're both anticipated to be very short.  I'm wondering how much we can get done today, whether we should reset this to come back. Given this -- what I know from what you know, Mr. Lowther, I would say that there is -- there are very strong arguments for detention as serious flight risk and no conditions being available, but I have an open mind about that.  But because I've given that a review, it really doesn't give me very much concern to put off the detention hearing for the time needed to do it right.

Mr. Lowther.

MR. LOWTHER:  May I have one moment to speak with Ms. Gehrke?

THE COURT:  Yes.

MR. LOWTHER:  Thank you, Your Honor.

So what I heard the Court say since I last spoke, it probably would be prudent -- or it would be prudent for me to see this document.  So if we could continue the detention hearing until I can at least see it, consider it, do what I need to do with it, if anything, and then, you know, we could have the detention hearing later.

I wouldn't -- I don't -- I'm not sure how quickly the government can give me the document.  I can't imagine -- if it

was electronically filed, I should be able to get it almost instantaneously, but if we could reschedule the detention hearing not too far out.  I mean, I'm obviously happy to come back.  That's what we have to do.  Judges do bench trials; lawyers have to travel to court, so it's fine.  But if we could possibly set a day and time for the hearing today.

THE COURT:  And here's what we can do logistically. I'm inclined -- well, and then -- and there needs to be -- I -- I have the same problem this afternoon.  It's a little more complicated, given that I think the privilege, based on what I've seen, would likely be Mr. Lowther's client's privilege asserted, but I'm unsure from -- so we have this -- I have another detention hearing for the co -- I have one for the co-defendant this afternoon.

One alternative is I can strike the supplement.  I can strike it from the Court's record.  I can order that it be produced to Mr. Lowther.  And I can reset the detention hearing next week or the week after to a duty judge.  We'll look to see whether that is -- whether Judge Willett is on duty either of those weeks.

Alternatively, I can set it before me, which I'm happy to do, but you all know I've read these documents.  If I strike them from the Court's record, technically, from a judicial perspective, we -- our view is different from yours.  Even on a public filing, if I strike something, then if the judge goes

and looks at it, we can see what was stricken.  That's -- that's obvious.  There needs to be review, right, by the district judge, so we need to be able to have access.

But the magistrate judge who would be assigned to the detention hearing would not have seen it, because they would see that I struck it.  And with everyone's permission, I could reach out and ask them not to look at the stricken document.

Alternatively, I can set it before me, but I only have time I think this coming Monday afternoon, and then when I am on criminal duty again, which is the week of July 22nd.  My calendar is completely booked other than those windows.  And I realize that this affects -- Mr. Altman's here.  I realize it affects his client too.  And so I think that perhaps the prosecution and Mr. Lowther and Mr. Altman and --

And I see, I think it's Mr. Ramos, is here as well, and -- so good morning to you as well, sir.

-- and that you all may want to confer about the dates.

And who is on duty next week?

Okay.  So next week Judge Bachus is on duty.

Is there any trading with Judge Boyle going on?

COURTROOM DEPUTY:  There is trading with her and Morrissey.  Morrissey has got it Friday after --

THE COURT:  Okay.  So Judge Bachus and Judge Morrissey are on duties.  Now, I don't want to let you judge shop, but I

also want to give you an opportunity to have the detention hearing in front of a judge who has not already seen these before defense counsel have.

And so I have every confidence in my own ability and Judge Willett's ability to put this information aside. I -- I do know that she looked at the filing before she ordered its sealing. And my inference is quite direct that she believed it had already been provided to defense counsel, based on, I think what was miscommunications in open court trying to not reference a sealed filing.

So -- so Judge Bachus is on duty next week, Judge Morrissey is on duty the week of July 15th, then I go back on duty the week afterwards. Why don't I take a break to do my 11:00 o'clock hearing while counsel all speak to each other about what's best for the schedule.

My 11:00 o'clock --

Is my 11:00 o'clock in or out of custody? I've lost my calendar.

COURTROOM DEPUTY: In custody. In custody.

THE COURT: In custody. And so -- and so I think the marshals -- I'll leave it to the marshals of whether they can have your client, sir, here when my 11:00 o'clock is in the courtroom at the same time. I don't really have a problem with that, but I leave that security stuff to the marshals.

Does that work for planning situation?

MR. LOWTHER:  Yes, Your Honor.

MR. BUTLAND:  Yes, Your Honor.

MR. LOWTHER:  We can confer during your hearing. We'll reconvene and make a decision.

MR. BUTLAND:  Yes, that's fine with the government, Your Honor.  Thank you.

THE COURT:  Okay.  Thank you.  That's what we'll do.

We're breaking now on this matter.  Thank you, everyone.

*          *          *

C E R T I F I C A T E


        I, CHRISTINE M. COALY, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.


        DATED at Phoenix, Arizona, this 18th day of July, 2024.


                                /s/ Christine M. Coaly_____
                                Christine M. Coaly, RMR, CRR