**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**
_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. **2:24-cr-01040-ROS** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | July 2, 2024 |
| **Alexandra Gehrke**, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**BEFORE:   THE HONORABLE DEBORAH M. FINE, MAGISTRATE JUDGE**

**TRANSCRIPT OF PROCEEDINGS**
**CONTINUED DETENTION HEARING**

**APPEARANCES:**
For the Plaintiff:
    U.S. DEPARTMENT OF JUSTICE
    Public Integrity Division
    By:  **Mr. Shane R. Butland, Esq.**
    1400 New York Ave. NW, 12th Fl.
    Washington, D.C. 20005

U.S. ATTORNEY'S OFFICE
    By:  **Mr. Matthew Williams, Esq.**
    2 Renaissance Square
    40 N Central Ave., Ste. 1800
    Phoenix, AZ 85004

For the Defendant:
    LOWTHER WALKER, LLC
    By:  **Mr. Joshua S. Lowther, Esq.**
    101 Marietta St. NW, Ste. 3650
    Atlanta, GA 30303
Transcriptionist:
Christine M. Coaly
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 37
Phoenix, Arizona 85003-2151
(602) 322-7248
Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

**P R O C E E D I N G S**

COURTROOM DEPUTY:  We are back on the record in case CR 24-1040-1, United States of America versus Alexandra Gehrke, before the Court for a detention hearing.

MR. BUTLAND:  Good morning again, Your Honor.  Shane Butland on behalf of the United States.  I spoke with the --

THE COURT:  Just for a clear record, and we have -- we have Mr. Butland, we have Mr. Williams for the government, we have Mr. Lowther, and we have his client in custody.

And good morning again, everyone.

You may proceed.  Thank you.

MR. BUTLAND:  Thank you.  Your Honor, I spoke with the filter attorney, not to discuss the substance of the filing but to determine what happened with it.  I received confirmation that on June 24th at 7:21 p.m. Eastern Time, a supplemental filing was e-mailed to the duty magistrate judge.

In that e-mail the filter attorney informed the Court that he would send a copy of the materials to Ms. Gehrke's counsel, but that he was not going to send the materials to King's counsel because Ms. Gehrke appeared to be the privilege holder.

Five minutes later, at 7:26 p.m., those same materials were sent to Paul Ramos, who was Ms. Gehrke's initial attorney. The filter attorney informed Mr. Ramos that the documents had been filed with the Court, and further informed him that the

UNITED STATES DISTRICT COURT

documents had not been shared with the prosecution team or with King's counsel, but we had no objection if counsel was to share that with Mr. King's counsel.

So it appears that these documents were, in fact, turned over to prior counsel.  They have not been, it's my understanding, turned over to Mr. Lowther, and here we are.

THE COURT:  And we had Mr. Ramos here earlier.

Mr. Lowther.

MR. LOWTHER:  So Mr. Butland advised me what he just advised the Court.  I asked Mr. Ramos.  He said he didn't realize that he got the information.  It was sent to him, obviously, when the government's response was filed the 26th, which would be the day before the actual last detention hearing.

I filed my notice of appearance later that day. Actually, I filed my pro hac vice application and then my appearance after that on the Friday, excuse me.  So Mr. Ramos realized that he did receive the document by e-mail today, but he wasn't aware that he had until we asked him.  So I still didn't have it, obviously, before the hearing.

I do have it now.  So since I do have it and I've had a chance to look at it, I also was able to discuss it with Mr. Altman, Mr. King's counsel, it's my position that Mr. Altman should have the document.  I do believe it equally relates.  And I believe that we would like to have -- we'd like

to continue the detention hearings.  I'll let him speak for Mr. King.  I think we probably don't want to go forward today until we can have a moment to address this, but preferably not wait until the 22nd either.  So if we could possibly do it next week.

THE COURT:  First of all, thank you, counsel, for all that work.  I think that is the same miscommunication you all had with -- or Mr. Ramos and Mr. Altman had with Judge Willett is the government's motion for detention was filed at the same time.  So I think that she was assuming that it had been produced, and I can see how Mr. Ramos would think that he was just getting a PDF copy of the same document.  We get so many e-mails in this day and age.

So I appreciate that the government did disclose to defense counsel.  And so we need to organize so I can enter an order that the doc -- the supplement and accompanying documents be provided to Mr. Altman, or the parties can just stipulate to that.

What -- what would you like me to do regarding that?

MR. LOWTHER:  We'll stipulate, Your Honor.

MR. BUTLAND:  As will the government.

THE COURT:  Okay.  Okay.  Thank you.

So -- so I -- I trust that the -- the counsel will follow through, provide the documents to Mr. Altman.  And I do have time on Monday afternoon, but we'd have to resolve by then

whether, Mr. Lowther, you're asserting any privilege regarding the document, and whether the privilege was waived, and whether it should be produced to the prosecution, or I could just not consider it.  We have to deal with this issue as well.

Maybe counsel are not ready to make those decisions today.  I can set this for a detention hearing in front of me Monday afternoon, or in front of Judge Bachus next week, or in front of Judge Morrissey the week of July 15th, which will give you all more time to work things out.

In -- in full disclosure to the parties, my efforts yesterday preparing for this today focused on this filter team issue.  And -- and I would have liked to have had the time to review the government's motion for detention and Mr. Altman's response on behalf of his client more before making a detention decision.  So it's really the issue that we've resolved this morning, I think in many ways, that I put my efforts to.

When would you like me to set this, Mr. Lowther?

MR. LOWTHER:  Monday would be best for us.

THE COURT:  Does that work for the government?

MR. BUTLAND:  Yes, Your Honor.

THE COURT:  Thank you.

So let's set this for Monday, July 8th, at 1:30 p.m., before me here in Courtroom 303.

MR. LOWTHER:  And, Your Honor, I'm sorry, if I may?

So, yes, that date I'm available, but the question is

I just need reasonable time to discuss this with Ms. Gehrke. At that point, I can say either it's not privileged, or we waive privilege, or we assert privilege. Assuming we assert privilege, I can only surmise that the government's going to say, no, that's not right. The Court has to figure this out. So what do we do at that point in relation to this hearing on the 8th? Do we just take that up at the beginning of the hearing, maybe allow just a larger block of time for the hearing, or how does the Court prefer to address that?

THE COURT: Well, I mean, I had planned to set aside a larger block of time for the hearing, but I don't know that I can decide the issue based on proffer alone, whether -- I don't know whether I'll be able to decide the issue of whether there is privilege, one, and whether privilege has been waived. And then -- and then it would be provided, if -- if there was no privilege or privilege has been waived -- waived, to the prosecution team, and they would need to review it.

MR. LOWTHER: Or we may go back to where we were if the government wants to proceed by proffer and not use it and the Court can agree to set it aside, then the issue is resolved.

THE COURT: Correct.

MR. LOWTHER: Okay. That and --

THE COURT: I'll -- I'll just --

MR. LOWTHER: I think that would be the best, but let

me discuss it with Ms. Gehrke.

THE COURT:  That's fine.

And so does an hour setting from 1:30 to 2:30 p.m. work from the government's end?

MR. BUTLAND:  Yes, that should be sufficient.

THE COURT:  And do those procedures work from the government's end?

MR. BUTLAND:  Yes, Your Honor.

THE COURT:  And so I'd also like to order the government to produce the residential search warrant and return to defense counsel.  And, as you all were talking, I have my notes, the affidavit too.  I think that that's -- that's pertinent to the issues at hand.

MR. BUTLAND:  I would just note, Your Honor, that the affidavit itself contains information that has been ordered sealed by a different court in a different jurisdiction.

THE COURT:  Okay.

MR. BUTLAND:  So I -- if Your Honor is ordering me to disclose the affidavit, I would ask first for a partial unsealing just to provide it to these two defense counsel, and then also permission to redact the portion of that affidavit that is sealed in a different court.

THE COURT:  But wouldn't that have been issued here, for the home here?

MR. BUTLAND:  It -- it was, Your Honor, but the basis

for the probable cause included information that had been ordered sealed by a different court.

THE COURT:  Okay.  I think the affidavit is then complicated, but it sounds like the search warrant and the search with attachments A and B and the search warrant return are -- are straightforward; is that correct?

MR. BUTLAND:  That's correct.

THE COURT:  And is that sufficient, Mr. Lowther?

MR. LOWTHER:  I think.  I'm not sure, without knowing what's in the affidavit, whether -- I don't know what I would do, necessarily, with the search warrant and the return.  It's not very descriptive.  I mean, I guess it would name certain items, but if I knew what those items were, I could figure it out.

I'm not trying to be difficult, I'm just saying I don't know what I don't know, I guess is the way to say that.

THE COURT:  Right.  Right.

MR. LOWTHER:  But even a redacted affidavit would be better than no affidavit.

THE COURT:  I understand that.  The affidavit's, the basis for it, really for me, that's why I had a question mark, it's the issue of the notes and context of what else was take -- was seized in the search and the like.

And would the -- would -- with the redaction and sealed protocols, is the government satisfied to produce the

affidavit?

MR. BUTLAND:  I think our position would be, generally speaking, search warrant affidavits are not required to be disclosed for detention hearings, but understanding the Court's concerns, I think there would be a way to redact the affidavit to remove otherwise sealed information, so we will comply with the Court's order.

THE COURT:  Thank you.

And I understand that, I'm just trying to get this on track so that we can have a detention hearing where the issues can be litigated properly.

So I am going to order the -- I'm ordering the prosecution to produce the residential search warrant, it's Exhibit attachment A and B, and any other attachments to it, and the return, as well as an appropriately redacted affidavit, taking into consideration the sealed information in the other district and other sensitive information that does not pertain to the detention hearing.  That seems like a reasonable and fair order for this.

Does that work?

MR. BUTLAND:  It does, Your Honor.  Also given that this affidavit is currently under seal but being provided for the limited purpose of the detention hearing, would Your Honor also order defense counsel to not disseminate or disclose the contents of the affidavit to any other party and just use it

for purposes of the hearing?

THE COURT:  I'll order --

Well, Mr. Lowther, that seems reasonable.

MR. LOWTHER:  Yes, of course.

THE COURT:  Okay.  So ordered.

And these orders are also going to apply to the co-defendant.

And -- and right now I think what I'll do is I think I will strike Doc. 23, given that it hasn't gone through the protocols, which is the supplement that's been provided, and then we'll -- and then it's not part of -- it's not on the record as a sealed supplemental filing, I'll have the decision to make fresh later.

Does that work, from the government's perspective?

MR. BUTLAND:  Yes, thank you.

THE COURT:  And does that work, from the defense perspective?

MR. LOWTHER:  Yes, Your Honor.

THE COURT:  Okay.  So I'm striking sealed Document Number 23, the supplemental filing in support of the motion for detention.  And -- and then for me I'd like the government to write down on a piece of paper, you can provide it to the defense counsel -- to defense counsel and provide it to me, of what the search warrant number is so I can look it up electronically.

Do you have any objection to that, Mr. Lowther?

MR. LOWTHER: No, Your Honor.

THE COURT: Okay. Thank you. So ordered.

And -- and then we'll just move forward the best we can, hopefully to complete the detention hearing on July 8th, at 1:30 p.m., before me, with an hour set aside.

Is there anything further today from the government?

The defendant will remain temporarily detained.

MR. BUTLAND: No, Your Honor.

THE COURT: Is there anything further from the defense?

MR. LOWTHER: No, Your Honor.

THE COURT: Thank you, everyone. We're adjourned on this proceeding.

*          *          *

C E R T I F I C A T E

I, CHRISTINE M. COALY, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

DATED at Phoenix, Arizona, this 18th day of July, 2024.

/s/ Christine M. Coaly_____
Christine M. Coaly, RMR, CRR

UNITED STATES DISTRICT COURT