GARY M. RESTAINO
United States Attorney
District of Arizona

MATTHEW WILLIAMS
Assistant U.S. Attorney
Arizona State Bar No. 029059
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Matthew.Williams3@usdoj.gov

GLEN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

SHANE BUTLAND
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-286-1177
Email: Shane.Butland2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>1. Alexandra Gehrke, a/k/a "Lexie" Gehrke, and<br>2. Jeffrey King,<br><br>Defendants. | No. CR-24-CR-01040-ROS<br><br>**JOINT MOTION FOR TRIAL CONTINANCE AND TO SET STATUS CONFERENCE** |

The United States of America and Defendants ALEXANDRA GEHRKE and JEFFREY KING respectfully move this Court for an Order: (i) continuing the trial date, which is currently set for August 6, 2024; (ii) to set a status conference on or before

August 12, 2024[1], if possible, to address any issues concerning the production or review of discovery and to set a trial date; and (iii) to exclude time for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i).

On June 18, 2024, the Defendants were indicted for conspiracy to commit health care fraud and wire fraud (18 U.S.C. § 1349), health care fraud (18 U.S.C. §§ 1347 and 2), conspiracy to defraud the United States and to pay and receive kickbacks (18 U.S.C. § 371), solicitation and receipt of kickbacks (42 U.S.C. § 1320a-7b(b) and 18 U.S.C. § 2), and transactional money laundering (18 U.S.C. §§ 1957 and 2). [ECF No. 6].

These charges stem from the Defendants' alleged conduct in orchestrating a massive and sophisticated scheme to defraud Medicare by targeting elderly patients, many of whom were terminally ill in hospice care, and causing medically unnecessary and highly expensive amniotic wound dressings ("allografts") to be applied to these vulnerable patients. *Id*. at 2. The Indictment alleges that from November 2022 through May 2024, the Defendants and their co-conspirators, individually and through companies they owned and controlled, caused more than $900 million in false and fraudulent claims to Medicare for these medically unnecessary allografts applied to hundreds of patients. *Id*. at 2–3. Medicare and other health care benefit programs paid over $600 million based on these false and fraudulent claims. *Id*. at 3. The Defendants received over $330 million in unlawful kickbacks as a result of their fraud scheme. *Id*.

GEHRKE and KING were ordered detained pending trial on July 8, 2024, and July 9, 2024, respectively. [ECF Nos. 32, 39]. Trial is currently scheduled for August 6, 2024. [ECF Nos. 13, 16].

This Court may properly exclude certain periods of delay in computing the time within which trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the Speedy Trial Period where it finds that "the ends of justice served by taking such action

[1] Counsel for ALEXANDRA GEHRKE is unavailable August 7-9, 2024.

outweigh the best interest of the public and the defendant in a speedy trial." *Id*. When considering whether to grant a requested continuance under this provision, one of the factors the Court shall consider is:

> Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

18 U.S.C. § 3161(h)(7)(B)(i).

Here, the currently trial date of August 6, 2024, was set at the Defendants' initial appearances on June 20, 2024. The six weeks afforded to the parties to prepare for trial is insufficient considering the complexity and nature of the prosecution, which involves voluminous insurance claims data; voluminous financial records; allegations that assets were purchased with fraudulent proceeds through a web of complex financial transactions intended to obfuscate the source of the funds; and voluminous medical records of patients to whom allografts were applied. Based on these considerations, a continuance of the current trial date is warranted.

This case involves thousands of allegedly false and fraudulent claims to Medicare, TRICARE, CHAMPVA, and other health care benefit programs totaling almost $1 billion. In addition to the over $600 million that Medicare paid to companies owned and controlled by the Defendants based on those claims, the Defendants also are alleged to have received hundreds of millions of dollars in illegal kickbacks from Company 1. Bank and other financial records show that the Defendants funneled a substantial portion of the money received from insurers and Company 1 to accounts at several different financial institutions in their names and the names of shell companies, and used those proceeds to purchase a diversity of assets, including stocks, bonds, real estate, luxury vehicles, cryptocurrency, gold, silver, and designer jewelry and watches. The Defendants' purchases of two luxury vehicles and two houses with fraudulent proceeds are specifically alleged as substantive transactional money laundering counts in the Indictment. *See* ECF No. 6 at 17 (Counts 7-10).

The discovery concerning the financial piece of this case alone includes purchase records for various assets, title documents, and tens of thousands of pages of bank and other financial records corresponding to dozens of bank accounts used by the Defendants and their co-conspirators to receive, transfer, and launder the staggering proceeds involved in the alleged fraudulent scheme.

Additionally, the Indictment alleges that the Defendants not only ordered and arranged for the ordering of the allografts billed to Medicare, but also paid and pressured medical providers to apply the allografts to patients without medical necessity. The discovery material includes voluminous medical records for numerous patients to whom allografts were applied.

The sheer volume of evidence in this case is substantial. In addition to health care benefit program claims data, financial records, and medical records, the discovery material includes interview memoranda for dozens of individuals, thousands of emails and other electronic communications, and phone records. The Defendants will need time to organize and analyze the material to prepare for pretrial proceedings and trial. In addition, a portion of the evidence in this case is undergoing privilege review by the government's filter team and will be made available to the Defendants on a rolling basis.

For the reasons stated herein, the parties jointly request that this Court: (i) to continue the current August 6, 2024, trial date, as the parties have had insufficient time to prepare for trial given the complexity and nature of the prosecution; (ii) set a Status Conference on or before August 12, 2024, if possible, to address any issues concerning the production or review of the discovery and to set a trial date; and (iii) exclude the period of delay between June 20, 2024, and August 30, 2024, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(i).

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Matthew Williams*
MATTHEW WILLIAMS
Assistant U.S. Attorney

GLENN S. LEON
Chief
Criminal Division, Fraud Section

*s/ Shane Butland*
SHANE BUTLAND
Trial Attorney
Department of Justice, Fraud Section

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of July, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Joshua S. Lowther, Esq.
Brian Rafferty, Esq.

*s/ Shane Butland*
Trial Attorney
Fraud Section, Criminal Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>1. Alexandra Gehrke, a/k/a "Lexie" Gehrke, and<br>2. Jeffrey King,<br>Defendants. | No. CR-24-CR-01040-ROS<br>**[PROPOSED] ORDER** |

Having reviewed and considered the parties' Joint Motion to Continue the Trial Date and to Set Status Conference, and good cause appearing,

**IT IS ORDERED** that the parties' Joint Motion to Continue the Trial Date and Set Status Conference [ECF No. 65] is granted pursuant to Local Rule of Criminal Procedure 16.2 and Title 18, and United States Code, Sections 3161(h)(7)(A) and (B)(i).

**IT IS FURTHER ORDERED** that a Status Conference is set for August ____, 2024, at ________ a.m./p.m. before United States District Judge Roslyn O. Silver, in Courtroom 624, Phoenix, Arizona. Counsel shall bring their calendars so that trial scheduling can be discussed. The Defendants' presence is required and may not be waived.

**IT IS FURTHER ORDERED** that the Court finds excludable delay under 18 U.S.C. § 3161 from June 20, 2024, to August 30, 2024.

Dated this _____ day of _________, 2024.

________________________________
HON. ROSLYN O. SILVER
UNITED STATES DISTRICT JUDGE