Brian T. Rafferty, Esq.
Ga. Bar #311903
Admitted Pro Hac Vice
Rafferty Law, LLC
1575 Johnson Road NE
Atlanta, GA 30306
912.658.0912
brian@raffertylawfirm.com
Attorney for Defendant Jeffrey King

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JEFFREY KING, ET AL.,<br>Defendants. | Case No.: 2:24-CR-01040-ROS-2<br><br>**DEFENDANT JEFFREY KING'S RESPONSE TO THE COURT'S ORDER FROM AUGUST 27, 2024 HEARING** |

Defendant Jeffrey King (referred to herein as "King"), by and through undersigned counsel, respectfully files this Response to the Court's Order from the Hearing on King's Motion to Revoke Detention Order held on August 27, 2024. (ECF No. 81)

## INTRODUCTION

On August 27, 2024, after extensive briefing by the parties, the Court conducted a hearing on King's Motion to Revoke Detention Order. *Id.* At

the conclusion of the hearing, the Court directed the Government and King to provide certain information in response to specific areas of interest of the Court. The Court also directed the parties to meet and confer to determine if there were mutually agreeable conditions or combination of conditions sufficient to insure King's release and his further appearance in Court in this matter.

The parties were directed to provide the specific information requested by the Court at the hearing by 10 a.m. on August 29, 2024, along with a report on whether the parties had reached an agreement on conditions or combination of conditions sufficient to insure King's release and future appearance in Court in this matter. The following constitutes King's Response to the Court's Order.

## I. Response to Court's Inquiries directed to King

At the hearing, the Court directed the undersigned to provide additional information about the status of King's music studio, and in emails from the Court after the hearing, additional information about the annual income listed in the Pretrial Services Report of $400,000.

Regarding King's music studio, King has owned a music studio since in or around 2012, and that studio produces music and aspires to sell musical equipment such as guitars. King was operating the studio at the

time of his arrest, but was not making significant income from the studio at that time. Since King's arrest, the studio has remained open, but has not made any significant income during this time, and is now shutting down operations completely. Thus, the studio is not a source of future income for King that could be used by King to fund any purported efforts to flee.

Regarding King's annual income listed in the pretrial services report of $400,000, the source of that income was King's compensation he received for working with the health care entities listed in the Indictment and not through his employment at the music studio. See ECF No. 11 at 2. The health care entities listed in the Indictment that paid King his annual compensation are no longer operational, and King is no longer earning any income from any of these entities. Thus, in response to the Court's inquiry about how King's annual income of $400,000 could be used to fund King's potential flight, King respectfully submits it should have no bearing on the issue because King is no longer working for those entities, is not earning any money from them, and will not be earning any income from them in the future. Thus, King's listed annual salary of $400,000 is no longer accurate and could not be used to fund King's potential flight.

## II. Meet and Confer with the Government

In response to the Court's Order, the undersigned and the

government met and conferred on August 28, 2024, to discuss whether there were any conditions or combination of conditions that the parties believed were sufficient to insure King's future appearance in Court. The undersigned reiterated to the government King's willingness to surrender his passport; to surrender the passports of his children; to be subject to home confinement and GPS monitoring; and to surrender access to funds held in accounts on behalf of King that the government contends are the proceeds of specified unlawful activity, pending the outcome of the criminal case.

Specifically, the undersigned reviewed government's exhibit 2 from the July 9, 2024 Detention Hearing, which listed a variety of assets purportedly controlled by King, and advised the government that King was willing to surrender control of $2,580,517 invested in a Captive Insurance investment vehicle; and the deed for a commercial building at 7540 East 6th Avenue, Scottsdale, Arizona valued at $2,000,000. The undersigned noted that the government likely had the deed already, as it was likely found among financial paperwork seized by the government during the execution of search warrants.

The undersigned also reaffirmed King's willingness to surrender approximately $1,000,000 held by a third-party for a studio construction

project that King has since cancelled; King is willing to surrender those construction proceeds to the government pending the outcome of the criminal case.

Last, the undersigned noted to the government that it appeared from the government's own discovery that the government has identified a number of accounts at Charles Schwab that were opened in May 2024, and which are controlled by King that contain substantial deposits. The undersigned advised the government that King was willing to surrender control of those accounts to the government pending the outcome of the criminal case.

Thus, in total, the undersigned offered to surrender to the government approximately $10 million in assets purportedly controlled by King pending the outcome of the criminal case.

The undersigned followed up with the government on August 29, 2024 regarding the government's position on detention, and was advised that the government continues to believe that King is a risk of flight and should be detained pending trial. Thus, the parties were not able to reach an agreement on conditions or combination of conditions that would insure King's future appearance in Court.

## III. King's Position on Release

The undersigned continues to reassert King's position that the government has not met its burden of showing by a preponderance of evidence that King is a flight risk, or that that there are no conditions or combination of conditions that would insure his future appearance in Court. Pretrial services have filed two reports with the Court, and on both occasions, Pretrial Services has recommended King's release and found that there are conditions or combination of conditions that could be imposed that would insure King's future appearance in Court.

As noted at the hearing, it is undisputed that King's personal history and characteristics, including his strong ties to the community, honorable service as a veteran, close relationship to his children, lack of any criminal history, lack of any drug history, lack of any alcohol history, all weigh heavily in favor of release with conditions. It is also undisputed that the Ninth Circuit has directed that "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

In detaining King in the first place, the government leaned heavily on false information connecting King to a note that it turns out King had no

connection to at all. The government also relied on books and other notes belonging to his wife that King has no connection to at all. Recent disclosures from the government reveal that King's wife referred to King as an "idiot," did not want him working at the practice, and took active steps to hide information and assets from him. Last, the government pointed to King's access to a plane as creating a risk of flight when there was no evidence connecting King to that plane at all. And we now know that not only is there no evidence connecting King to that plane, but the owner of the plane is also now apparently cooperating with the government and certainly would not provide access to it to King, who this cooperator barely seems to know at all.

In short, King continues to believe that there are conditions or combination of conditions that would ensure his future appearance in Court, and has offered some of those to the government. King is willing to agree to surrender his passport; King is willing to surrender the passports of his children; King is willing to be subject to home confinement and GPS monitoring; King is willing to surrender substantial assets to the custody of the government pending the outcome of the criminal case; and King is willing to agree to the imposition of a reasonable bond. King submits these constitute a combination of conditions that would reasonably assure King's

future appearance in Court. King therefore renews his request to revoke the detention order and that he be released on conditions.

Dated this 29th of August, 2024.

Respectfully submitted,

*/s Brian T. Rafferty*, Esq.
Brian T. Rafferty, Esq.