Brian T. Rafferty, Esq.
Ga. Bar #311903
Admitted Pro Hac Vice
Rafferty Law, LLC
1575 Johnson Road NE
Atlanta, GA 30306
912.658.0912
brian@raffertylawfirm.com
Attorney for Defendant Jeffrey King

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JEFFREY KING, ET AL.,<br>Defendants. | Case No.: 2:24-CR-01040-ROS-2<br><br>**MOTION TO WEAR CIVILIAN OR BUSINESS ATTIRE AT SENTENCING** |

Defendant Jeffrey King, through undersigned counsel, respectfully requests this Court to issue an Order permitting Mr. King to receive civilian or business attire to wear at his upcoming sentencing hearing. The sentencing hearing holds significant importance for Mr. King. He wishes to appear before this Court to allocate in the most dignified and respectful fashion possible.

## I. Relevant Procedural History

On January 31, 2025, Defendant Jeffrey King entered a guilty plea to Count 1 of the Superseding Indictment. At the conclusion of the Rule 11 hearing, the Court scheduled the sentencing hearing of Mr. King for April 15, 2025. (ECF No. 138). On March 31, 2025, the Court continued the sentencing of Mr. King through August 19, 2025, one week after the scheduled sentencing of codefendant Alexandra Gehrke. (ECF No. 143). After a number of additional delays, Mr. King's sentencing is now set for October 10, 2025, at 1:30 p.m. (ECF No. 165).

At his sentencing, Mr. King requests permission to wear civilian or business attire at his sentencing hearing rather than prison or jail clothing. Counsel for Mr. King would arrange to provide the United States Marshals Service ("USMS") with a button-down shirt, pants or a suit, and one pair of shoes without laces to wear to Court for the sentencing hearing. Counsel for Mr. King would provide this clothing the morning of Mr. King's sentencing, or earlier if requested, so Mr. King can change into this clothing before the hearing. Counsel for Mr. King would then arrange to take the civilian clothes back from the USMS, after Mr. King has been sentenced.

## II. Memorandum of Law

Courts routinely allow defendants to appear in civilian or business attire at sentencing—even over government objection. *See, e.g., United States v. Gray*, No. 21-CR-00713 (PAE) (S.D.N.Y.), Dkt.200 ("The Court GRANTS this reasonable request."); *United States v. Zhang*, No. 7:23-CR-00612 (NSR) (S.D.N.Y.), Dkt.167 ("The Court, in its discretion, GRANTS Defendant Zhang's request, over the Government's objection to permit Mr. Zhang to appear in civilian clothing."); *United States v. Eley*, No. 20-CR-78 (AT) (S.D.N.Y.), Dkt.459; *United States v. Huachillo*, No. 13-CR-995 (KPF) (S.D.N.Y.), Dkt.50; United States v. Combs, No. 24-CR-542 (AS)(S.D.N.Y.), Dkt. 517 (Ordering that the Defendant be permitted to receive non-prison clothing to wear for his sentencing). Courts granting such requests do so to "respect" a defendant's "regard for his allocution as a serious occasion and desire to act accordingly." *United States v. Folse*, No. CR 15-2485 JB, 2019 WL 266745, at *5 (D.N.M. Jan. 18, 2019).

Permitting Mr. King to wear non-prison clothing will not cause delay nor inconvenience. Indeed, the Supreme Court has held that "compelling" a defendant "to wear jail clothing furthers no essential state policy," further reasoning that the argument "[t]hat it may be more convenient for jail administrators ... provides no justification for the practice." *Estelle v.*

*Williams*, 425 U.S. 501, 505 (1976). Such a practice operates only against those who are incarcerated, which is "repugnant to the concept of equal justice." *Id.* at 505-06. As noted herein, counsel for Mr. King would arrange to provide the USMS with a button-down shirt, pants or a suit, and one pair of shoes without laces to wear to Court the morning of Mr. King's sentencing, or earlier if requested, so Mr. King can change into civilian clothes. Counsel for Mr. King would then arrange to take the civilian clothes back from the USMS, after Mr. King has been sentenced. This proposed procedure would in no way cause inconvenience or delay the proceedings.

**III. Certificate of Conference**

The undersigned conferred with the Deputy Marshal Joseph Pullen of USMS about this request. Deputy Pullen advised as follows in an email to the undersigned: *"With respect to your request for your client to appear in a suit at sentencing, our position remains as previously stated. Pursuant to the email below with my cohort and our policy, defendants are permitted to wear a suit when appearing for trial proceedings. Accordingly, a clearance for your client to wear a suit at sentencing will need to be by court order."*

The undersigned conferred with Shane Butland, Esq., the Fraud Section prosecutor assigned to this matter. Mr. Butland responded in an email opposing this request as follows: *"Given that USMS policy only allows defendants to wear suits during trial, I oppose the motion."*

## IV. Conclusion

Mr. King, based on the foregoing assertions and argument, prays that the Court issue an Order, permitting Mr. King to receive civilian or business attire to wear at his upcoming sentencing hearing.

Dated this 1st day of October, 2025.

Respectfully submitted,

*/s Brian T. Rafferty*, Esq.
Brian T. Rafferty, Esq.