**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States of America**<br>v.<br>**Jeffrey Amos King** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>**No. CR-24-01040-002-PHX-ROS**<br>Brian Rafferty (Retained)<br>Attorney for Defendant |

USM#: 21284-511

**THE DEFENDANT ENTERED A PLEA OF** guilty on January 31, 2025 to Count 1 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §1349, Conspiracy to Commit Health Care Fraud and Wire Fraud, a Class C Felony offense, as charged in Count 1 of the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is committed to the custody of the Bureau of Prisons for a term of **ONE HUNDRED SIXTY-EIGHT (168) MONTHS**, with credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THIRTY-SIX (36) MONTHS.**

**IT IS FURTHER ORDERED** that defendant's interest in the following property shall be forfeited to the United States: a sum of money equal to approximately $130,813,658.00, which represents the proceeds the defendant obtained, directly or indirectly, possessed, owned, and exercised dominion or control; and all assets identified in Exhibit 1 of the plea agreement.

**IT IS ORDERED** that all remaining counts are dismissed on motion of the United States.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $100.00 **FINE:** WAIVED **RESTITUTION:** $605,690,110.49

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

The defendant shall pay restitution to the following victim(s) in the following amount(s):
Medicare, in the amount of $586,514,060.92; TRICARE, in the amount of $8,513,163.84; Anthem Elevance, in the amount of $466,982.65; Bankers Fidelity Life Insurance, in the amount of $1,151,085.32; Blue Cross Blue Shield of Arizona, in the amount of $1,811,745.66; Blue Cross Blue Shield of Minnesota, in the amount of $475,889.87; Blue Cross Blue Shield of Nebraska, in the amount of $252,156.71; Blue Cross Blue Shield of North Dakota, in the amount of $230,140.95; Blue Shield of

California, in the amount of $177,541.08; Cigna, in the amount of $778,053.72; Humana, in the amount of $1,707,083.54; Moda Health, in the amount of $1,599,584.56; Mutual Omaha Health Insurance, in the amount of $205,998.11; National Association of Letter Carriers, in the amount of $627,737.53; United Healthcare, in the amount of $649,739.52; and Western & Southern Life Insurance, in the amount of $529,146.51.

Restitution is to be paid jointly and severally with the co-defendant(s) in this case and related cases. No defendant shall be released from his/her restitution liability, or issued any refunds, until (1) all victims to which that defendant is liable have been paid in full; or (2) that defendant has personally paid the full amount of his/her judgment. Any forfeited property that may be restored or remitted shall reduce the total restitution balance owed to the victims, as well as any individual defendant's balance to the extent that the individual defendant's balance exceeds the total balance as adjusted to reflect the restored or remitted funds.

The defendant shall pay a special assessment of $100.00 which shall be due immediately.

The defendant shall pay a total of $605,690,210.49 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payments of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $2,000.00 over a period of 34 months to commence 60 days after the release from imprisonment to a term of supervised release.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $100.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 1 of the Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, (10) costs, including cost of prosecution and court costs.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

It is ordered that while on supervised release, the defendant must comply with the mandatory and standard conditions of supervision as adopted by this court, in General Order 17-18, which incorporates the requirements of USSG §§ 5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. Within 72 hours of sentencing or

release from the custody of the Bureau of Prisons the defendant must report in person to the Probation Office in the district to which the defendant is released. The defendant must comply with the following conditions:

**MANDATORY CONDITIONS**

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.
3) You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter, as determined by the court.

**STANDARD CONDITIONS**

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by your probation officer.
5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a

change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13) You must follow the instructions of the probation officer related to the conditions of supervision.

**SPECIAL CONDITIONS**

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1) You must participate as instructed by the probation officer in a program of substance abuse treatment, which may include testing for substance abuse. If substance use treatment includes inpatient treatment and you object, the probation officer must seek court authorization first. You must contribute to the cost of treatment in an amount to be determined by the probation officer.
2) You must submit to substance abuse testing. You must not attempt to obstruct or tamper with the testing methods. You must contribute to the cost of testing in an amount to be determined by the probation officer.
3) You must not use or possess alcohol or alcoholic beverages.
4) You must participate in a mental health assessment and participate in outpatient mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. You must take medicine as prescribed by a medical professional providing mental health treatment, unless you object, in which event you must immediately notify the probation officer. You must contribute to the cost of treatment in an amount to be determined by the probation officer.
5) You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of

release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

6) You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.
7) You are prohibited from making major purchases over $500.00, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.
8) You must cooperate in the collection of DNA as directed by the probation officer.
9) You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
10) You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines or special assessments.
11) You must not communicate or otherwise interact with coconspirators – Carlos Ching, Bethany Lynn Jameson, Daylon Bennett, Ira Denny, Gina Palacios, Tyler Kontos, Max Kupetz, and Jorge Kinds - without first obtaining the permission of the probation officer.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons. The Court recommends that the defendant participate in the Bureau of Prisons Residential Drug Abuse Treatment Program and that the defendant be placed in FCI Safford in Arizona.

The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence: **Tuesday, October 07, 2025**

Dated this 15th day of October, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge

**RETURN**

I have executed this Judgment as follows: ____________________

defendant delivered on ____________ to ____________ at ____________, the institution designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.

____________________ By: ____________________
United States Marshal Deputy Marshal